CK:MM
F#: 2007R00647

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-07-390**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ANDREW SPENCE,

   Defendant.

- - - - - - - - - - - - - - - -X

U N D E R   S E A L

C O M P L A I N T

(18 U.S.C. 922(i))

EASTERN DISTRICT OF NEW YORK, SS:

JAMES O'CONNOR, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") who is cross-designated to the Joint Firearms Task Force ("JFTF") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, on or about January 1, 2006 through February 6, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANDREW SPENCE, did knowingly ship or transport in interstate commerce, stolen firearms and ammunition, knowing or having reasonable cause to believe that the firearms and ammunition were stolen.

(Title 18, United States Code, Section 922(i))

The source of your deponent's information and the



grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD for approximately eight years. I have been assigned to the JFTF for approximately five years, during which time I have investigated firearms offenses and firearms trafficking in New York City. The information set forth in this complaint is based on, among other things, my own observations, interviews with law enforcement officers, and review of reports and recorded conversations. Conversations set forth in this complaint are set forth in sum and substance and in part.

2. On or about January 1, 2006, twenty Smith and Wesson and Taurus .38 caliber revolvers as well as accompanying speed loaders and ammunition were stolen from the Peachtree Summit Federal building, located at 401 West Peachtree Street, in Atlanta, Georgia. The revolvers, speed loaders, and ammunition were in the custody of Alpha Protective Service, which provides security for the building under contract with Federal Protective Services.

3. On or about February 6, 2006, an undercover agent ("UC") purchased ten of the stolen revolvers, which were comprised of eight Taurus revolvers and two Smith and Wesson revolvers, speed loaders, and ammunition from Confidential Informant 1 ("CI-1") at the Brooklyn Hair Salon, located at 311 Utica Avenue, Brooklyn, New York.

---

[1]   Because the purpose of this affidavit is to establish only probable cause, I have not set forth a description of all the facts and circumstances of which I am aware.

2

4. On or about February 9, 2006, the UC purchased an additional seven of the stolen revolvers, which were comprised of six of Taurus revolvers and one Smith and Wesson revolver, speed loaders, and ammunition from CI-1 at the same location.

5. On or about August 3, 2006, CI-1 stated to me that he obtained the stolen seventeen revolvers, speed loaders, and ammunition from an individual later identified as ANDREW SPENCE.

6. During the period of October 1, 2006 through October 20, both dates being approximate and inclusive, CI-1 recorded a telephone call between CI-1 and ANDREW SPENCE. During the conversation, CI-1 asked ANDREW SPENCE whether he had received extra money to which ANDREW SPENCE responded that the money was right. CI-1 also asked ANDREW SPENCE about "his man"--referring to his source--with the 30 to 40 "notebooks". ANDREW SPENCE stated that he could not talk about it at that time. Based upon CI-1's prior dealings with the UC, I am aware that the term "notebooks" refers to firearms.

7. On or about October 20, 2006, CI-1 engaged in a recorded conversation with ANDREW SPENCE, during which CI-1 inquired about getting any more "semis or revolvers". ANDREW SPENCE stated that he would make a phone call and tell CI-1 what would be available before ANDREW SPENCE picks any thing up. Based upon my training and experience, I am aware that the terms "semis" and "revolvers" refer to types of handguns.

8. On or about October 30, 2006, at the direction of law enforcement, CI-1 recorded a conversation with ANDREW SPENCE

and provided the recording to law enforcement officers. During the conversation, after inquiring about getting more firearms, ANDREW SPENCE responded in sum and in substance that last time everything went well and that his source was good. ANDREW SPENCE described how the scheme works; stating that he meets his source "half-way" and that he deals with CI-1 because CI-1 knows how to make money from it. Based upon my investigation, I believe that "half way" is a reference to ANDREW SPENCE traveling outside of New York to retrieve the firearms and transport them back to New York.

        9. CI-1 inquired about getting another "load". ANDREW SPENCE stated that it was not easy anymore because "they have cameras now" and that "they watch people go through". ANDREW SPENCE also stated that his source is dealing with warehouse people or at gun shows. ANDREW SPENCE further implied that his source steals guns when the opportunity presents itself. CI-1 also inquired whether the source would be getting the same ones as last time, referring to the revolvers stolen from the Peachtree Summit Federal building. ANDREW SPENCE stated that they "grab whatever they can grab" and that they just "grab boxes". ANDREW SPENCE then stated that the next shipment would probably be better but asked CI-1 if he would rather have revolvers.

        10. Based upon these statements, there is probable cause to believe that ANDREW SPENCE knew or had reasonable cause to believe that the seventeen revolvers, speed loaders, and

4

ammunition were stolen, and that ANDREW SPENCE acquired the revolvers, speed loaders, and ammunition outside of New York State before bringing them to CI-1 in Brooklyn, New York.

WHEREFORE, your deponent respectfully requests that the defendant ANDREW SPENCE be dealt with according to law.

JAMES O'CONNOR
Detective
NYPD-ATF Joint Firearms Task Force

Sworn to before me this
21st day of March, 2007

RLM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5